**SIGNED.**

Dated: December 04, 2007

_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| CARDSYSTEMS SOLUTIONS, INC., | No. 4:06-bk-00515-JMM |
| | **MEMORANDUM DECISION RE:** |
| Debtor. | **MOTION TO ALTER OR AMEND** |

The Debtor, CardSystems Solutions, Inc., has filed a motion which seeks to alter, amend, or change certain findings of fact in the Memorandum Decision entered November 20, 2007 (Dkt. #517). In it, CardSystems takes issue with the tone, analysis, or decisional path which led to the entry of three orders: (1) denying confirmation of the Debtor's liquidation plan; (2) denying approval of a compromise with Merrick Bank, and (3) converting the case to chapter 7. However, in the motion's "Introduction" (p. 2, lines 2-14), CardSystems does not appear to argue that the court's dispositive orders should be different, or that such dispositions were legally erroneous.

In other words, although the Debtor disagrees with how the court arrived at its final results, it does not challenge the orders themselves. Therefore, if there is no legal contention that the final results should be different, it is a futile exercise to debate whether any specific point was incorrect. Without a challenge that the facts, if found differently, would have changed the orders or judgments, any perceived error is harmless. _See_ FED. R. BANKR. P. 9005 (also incorporating FED. R. CIV. P. 61).

That said, the court will briefly address each contention in order:

### 1. Shareholders--Proofs of Claim or Proofs of Interest?

The Debtor is incorrect as to what the shareholders filed. Or, more aptly, the Debtor and the court were both correct. Blair and Kiphart filed Proofs of Interest on November 27, 2006 in the administrative file (Admin. file, Dkt. ##156, 157, 161-164) and Camden Partners filed Proofs of Interest, also in the administrative file, on December 29, 2006 (Admin. file, Dkt ##185-190). Those parties also filed, as docketed in the claims register, Proofs of Claim #148, 150-152, 185, 188-194. Thus, the shareholders filed proofs of claim <u>and</u> interests. No alteration or amendment is required at this point.

### 2. Improper Amendment to Debtor's Schedules

This is re-argument, with the Debtor merely disagreeing as to how the record should be interpreted. The totality of both the evidence and the court's files support the conclusions drawn by the court. No alteration or amendment is required on this issue.

### 3. Manipulation of the Voting

This portion of the motion also seeks to persuade the court, by re-argument, that it should have interpreted the evidence in a manner different than it did. However, the court is not persuaded that it made either a mistake as to the facts or that it applied incorrect law. Therefore, no alteration or amendment is required on this issue. If the contention is that the court erred, and should have confirmed the plan, the court respectfully disagrees.

### 4. The Insurance Trust

Despite the Debtor's contentions, the Third Disclosure Statement filed on August 3, 2007 (Dkt. #377) did not contain exhibits or any substantive discussion, as argued by the Debtor in this motion (at p. 10, lines 5-10). After August 3, 2007, the ECF administrative docket reflects no additional documents

in the file that contain supplemental information about the insurance trust. The August 3, 2007 Disclosure Statement (Dkt. #377) gave no specifics in its discussion of the insurance trust, other than the brief discussion found in the Disclosure Statement at pp. 23-26, 30-32, and 69-72. Unless the court somehow missed the information, upon review of the docket, there is no perceived error in the court's decision. The ECF document, Admin. Dkt #377, contained no exhibit describing the detailed information as argued in the motion to alter or amend. Schedule B of the Debtor's schedules, attached to one iteration of the Disclosure Statement, only lists the value of any claims under these policies as "unknown." The Disclosure Statement does not describe the causes of action, nor the value of any asset to be derived from the various policies.

Therefore, this aspect of the motion to alter or amend will be denied.

### 5. Avoidance Claims

This, again, is re-argument. The court views the evidence in a different manner than does the Debtor, and differs in what conclusions to draw therefrom. This portion of the decision will neither be altered nor amended.

### 6. Channeling Injunction

Similarly, the arguments set forth by the Debtor are unpersuasive. During the course of the confirmation hearing, the Debtor was asked which "option" it chose, and it chose to "channel." The court's reasoning then rejected that request, upon objection, as being inconsistent with law. It is not up to the court to then unilaterally select an alternative, in the absence of creditor assent.

In footnote 3, p. 12, of the Debtor's motion, it attempts to compare this case with another case in this District, *In re The Roman Catholic Church of Diocese of Tucson*, Case No. 4-04-bk-04721-JMM. The court does not recall that this argument was made before, and which apparently seeks to have this court take judicial notice of everything that occurred, procedurally and factually, in a unique case much different

than this one.[1]  This the court will not do, for a variety of sound legal reasons, not the least of which was the lack of formal submission of admissible evidence.  FED. R. EVID. 201.

Thus, the court perceives no error in this portion of the ruling, and therefore no need to alter or amend its decision on this issue.

### 7. Gerrymandering

The Debtor's argument, again, simply argues for an interpretation of the evidence different than that adopted by the court.  The court is not persuaded that its decision was erroneous.  The Debtor's view of how to interpret the evidence, while understood as advocacy, creates no need to alter or amend.

### 8. Good Faith

In its totality, the court has not been persuaded that its view of the evidence, concerning this legal requirement, is inaccurate.  When it came time to make the call, the scales tipped against the Debtor on this point.  There is no just reason for the court to change its decision on this critical point.

### RULING

The Debtor's motion, for the most part, asks the court "to rethink what [it] had already thought through--rightly or wrongly." *See Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99,

---

[1] That case is not yet closed, and as of this writing the administrative docket contains 1161 numbered entries.

4

101 (E.D.Va. 1983). Being unpersuaded, the court will deny the motion to alter or amend it findings. A separate order will be entered.

DATED AND SIGNED ABOVE.

COPIES served as indicated below on the
date signed above:

| | |
|---|---|
| Michael McGrath and Scott H. Gan<br>Mesch, Clark & Rothschild, P.C.<br>259 N. Meyer Ave.<br>Tucson, AZ 85701<br>Email ecfbk@mcrazlaw.com | Susan G. Boswell<br>Quarles & Brady LLP<br>One South Church Avenue, Suite 1700<br>Tucson, Arizona 85701-1621<br>Email sboswell@quarles.com |
| Nancy J. March<br>DeConcini McDonald Yetwin & Lacy, P.C.<br>2525 E. Broadway Blvd., #200<br>Tucson, AZ 85716-5300<br>Email nmarch@dmyl.com | Michael R. Davisson<br>Sedgwick, Detert, Moran & Arnold LLP<br>801 S. Figueroa St., 18th Fl<br>Los Angles, CA 90017-5556<br>Email michael.davisson@sdma.com |
| Scotty P. Krob<br>Law Office of Scotty P. Krob<br>8400 E. Prentice Ave. - Penthouse<br>Greenwood Village, CO 80111<br>Email spkrob@aol.com | Daniel G. Gurfein and Timothy T. Brock<br>Satterlee Stephens Burke & Burke LLP<br>230 Park Ave.<br>New York, NY 10169<br>Email dgurfein@ssbb.com<br>Email tbrock@ssbb.com |
| Jon E. Hess<br>Office of the U.S. Trustee<br>230 N. First Ave., #204<br>Phoenix, AZ 85003-1706<br>Email Jon.E.Hess@usdoj.gov | Scott D. Gibson<br>Gibson, Nakamura, & Decker, PLLC<br>2941 N. Swan Rd., Suite 101<br>Tucson, AZ 85712-2343<br>Email sgibson@gnglaw.com |
| Lynn Maynard Gollin<br>Tew Cardenas, LLP<br>Four Seasons Tower, 15th Floor<br>1441 Brickell Ave.<br>Miami, FL 33131-3401<br>Email lmg@tewlaw.com | Mark J. Bryn<br>Bryn & Associates<br>One Biscayne Tower, Suite 2680<br>Two S. Biscayne Blvd.<br>Miami, FL 33131<br>Email mark@markbryn.com |
| David B. Levant<br>Stoel Rives, LLP<br>600 University Street, Suite 3600<br>Seattle, WA 98101<br>Email dblevant@stoel.com | Michael E. Eidelman<br>Vedder, Price, Kaufman & Kammholz, P.C.<br>222 N. LaSalle Street, Suite 2600<br>Chicago, IL 60601-1003<br>Email meidelman@vedderprice.com |

| | |
|---|---|
| Mr. Jack Froonjian<br>Fiducial Processing Corporation<br>P.O. Box 1471<br>Wall, NJ 07719<br>Email jackf@bankersms.com | Beth E. Lang, Trustee<br>1955 W. Grant Rd., Suite 125<br>Tucson, AZ 85745<br>Email bethelang@earthlink.net |
| Dina L. Anderson<br>Anderson & Nowak, PLC<br>2211 E. Highland Ave., Suite 211<br>Phoenix, AZ 85016<br>Email dla@anlawfirm.com | |

By /s/ M. B. Thompson
    Judicial Assistant

